ROBERTS, J., for the Court.
¶ 1. This appeal stems from the grant of Coleman Maddox Allen’s, III, motion for additional visitation and denial of Allen’s subsequent motion for a reduction in child support. Specifically, Allen petitioned the Chancery Court of Coahoma County for an increase in the amount of visitation he enjoyed with his minor son, and a reduction in the amount of child support he was required to pay in the event the court granted his request for increased visitation. At the conclusion of a hearing on the matter, the lower court granted his request for increased visitation, but denied his request for a lowered child support obligation. Unsatisfied with the lower court’s ruling, Allen now appeals and raises the following issue:
I. WHETHER THE CHANCELLOR ERRED IN DENYING HIS REQUEST FOR A REDUCTION IN CHILD SUPPORT.
Finding no error, we affirm on the issue raised by Allen.
¶ 2. Following Allen’s appeal, Lesley Melton[1] Allen, the minor child’s mother, filed her cross-appeal and raised the following issue:
I. WHETHER THE CHANCELLOR ERRED IN INCREASING THE AMOUNT OF VISITATION ALLEN WAS ENTITLED TO.
Finding that Melton’s cross-appeal was untimely filed, we hold that her claim is barred.
FACTS AND PROCEDURAL HISTORY
¶ 3. On July 7, 2003, the parties were granted a divorce on the grounds of irreconcilable differences. As part of their marital settlement agreement, the parties *281 agreed to joint legal custody and that Melton would have primary physical custody of their minor son. Additionally, Allen agreed to visitation with their son every other weekend from 6:00 p.m. Friday until 6:00 p.m. Sunday. Further Allen agreed to pay $550 per month in child support. On July 28, 2003, in response to Melton’s unrealized plans to move from the Tunica area to Destín, Florida, Allen filed a petition for a change in custody, citing Melton’s proposed move as a material change in circumstances adverse to the minor child’s best interests and noncompliance with the settlement agreement with regards to a vehicle the parties once owned. On September 26, 2003, the lower court denied Allen’s petition.
¶4. On June 29, 2004, Allen filed his second motion for modification requesting, among other things, a change in primary physical custody from Melton to himself and, alternatively, a clarification on his visitation rights. Melton responded to Allen’s motion, obviously against any change in custody, and added a counterclaim alleging that Allen routinely harassed her and was behind on various payments required by the settlement agreement. After a hearing on the matter, the Chancery Court of Coahoma County denied all requests, save for a clarification of Allen’s visitation schedule. The court then approved a very detailed schedule that applied from September 1, 2004, through May 12, 2005. The court noted that while the parties had not been able to work together regarding access to them minor child as of yet, it was the court’s hope that at the conclusion of the court-ordered visitation the parties would be able to work out future visitation between themselves.
¶ 5. The lower court’s hopes would not come to fruition. The parties were able to agree on a schedule during the summer of 2005 that approached a “week on/week off’ visitation. However, Melton and Allen were not able to continue to agree on visitation, and on August 26, 2005, Allen filed a motion to set visitation requesting a court-ordered “week on/week off’ schedule. Following Melton’s response, Allen filed a motion to modify his child support obligation on September 27, 2005. He argued that if the lower court granted his motion to set visitation the additional visitation would constitute a material change in circumstances warranting a reduction in the amount of child support he was required to pay Melton. The lower court issued an order for temporary visitation on October 11, 2005, in which it ordered a “week on/week off’ schedule until a hearing could be held in late November. Following a hearing on the matter, the Chancery Court of Coahoma County issued its order on January 27, 2006. The order granted Allen’s request for visitation, ordering visitation between the parties on an alternating weekly basis, but denied Allen’s request for a reduction in child support. Aggrieved by the lower court’s decision, Allen filed his notice of appeal on February 21, 2006, arguing that the court erred in finding that there had been no material change in circumstances warranting a change in Allen’s child support obligation. In turn, Melton filed her notice of cross-appeal on April 3, 2006, arguing that the lower court erred in setting weekly visitation.
STANDARD OF REVIEW [1,2] ¶ 6. In reviewing a chancellor’s ruling concerning domestic relations matters we are limited by our familiar substantial evidence/manifest error rule. Sumrall v. Munguia, 757 So.2d 279(¶ 12) (Miss.2000). Specifically, a chancellor’s findings will not be disturbed absent a finding that they were manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Id.
*282 ANALYSIS
¶ 7. Allen argues that the lower court erred in denying his request for a reduction in child support given the change in visitation from the original divorce decree. A modification of child support is appropriate only if it shown that there has been a substantial or material change in circumstances of the mother, the father or the child or children since the decree sought to be modified. Edmonds v. Edmonds, 935 So.2d 980(¶ 19) (Miss.2006) (citing Caldwell v. Caldwell, 579 So.2d 543, 547 (Miss.1991)). In Caldwell, the supreme court listed those factors to be considered in making a determination that a material change in circumstances has occurred warranting a modification in child support, including: (1) increased needs caused by advanced age and maturity of the children, (2) increase in expenses, and (3) inflation factor. Other factors include (4) the relative financial condition and earning capacity of the parties, (5) the health and special needs of the child, both physical and psychological, (6) the health and special medical needs of the parents, both physical and psychological, (7) the necessary living expenses of the parties, (8) the estimated amount of income taxes the respective parties must pay on their incomes, (9) the free use of a residence, furnishings, and automobile and (10) such other facts and circumstances that bear on the support subject shown by the evidence. Caldwell, 579 So.2d at 547.
¶ 8. It is apparent from a reading of the record that during the hearing on his motions Allen presented virtually no evidence pertaining to the factors above, other than the change in visitation. However, a change in the parties’ visitation schedule alone is not enough for this Court to find that the chancellor abused his discretion or was manifestly wrong in his decision to deny Allen’s request for a reduction in child support. Therefore, this issue is without merit.
CROSS-APPEAL
¶ 9. Melton argues on cross-appeal that the chancellor abused his discretion in granting Allen expanded visitation. However, as her cross-appeal fell outside the requirements of Rule 4 of the Mississippi Rules of Appellate Procedure, her cross-appeal is untimely and not properly before this Court. Rule 4(c) states that a party seeking to cross-appeal must “file a notice within 14 days after the date on which the first notice of appeal was filed.” M.R.A.P. 4(c). Allen filed his notice of appeal on February 21, 2006. Melton followed with her notice of cross-appeal on April 3, 2006, well outside the fourteen day requirement.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF COAHOMA COUNTY IS AFFIRMED ON DIRECT AND CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE PARTIES.
KING, C.J., LEE AND MYERS, P.JJ., ' IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.

. The record indicate that Lesley Melton Allen’s maiden name was Melton and in an effort to avoid confusion when referring to the parties individually, the Court will refer to Lesley Melton Allen using her maiden name.